UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LC WILLIAMS | * | CIVIL ACTION NO. |
| | * | |
| VERSUS | * | |
| | * | |
| BELINDA C. CONSTANT, CITY | * | JUDGE |
| OF GRETNA, CITY OF GRETNA | * | |
| POLICE DEPARTMENT, JEFFREY | * | |
| LABORIE, TRAMELL BROOKS | * | |
| GWENDOLYN TURNER and | * | MAGISTRATE JUDGE |
| MARK C. MORGAN | * | |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes LC Williams, a person of the full age of majority domiciled in the Parish of Jefferson, State of Louisiana, who respectfully avers as follows:

I.

The following parties are named as Defendants herein:

A. Belinda C. Constant, individually and in her official capacity as the Mayor for the City of Gretna, domiciled in the Parish of Jefferson, State of Louisiana;

B. City of Gretna;

C. City of Gretna Police Department;

D. Jeffrey Laborie, individually and in his official capacity as a police detective with the City of Gretna Police Department, domiciled in the Parish of Jefferson, State of Louisiana;

E. Tramell Brooks, individually and in his official capacity as an officer with the City of Gretna Police Department, believed to be domiciled in the Parish of Jefferson, State of Louisiana;

F. Gwendolyn Turner, individually and in her official capacity as the Director of Human Resources for the City of Gretna, domiciled in the Parish of Jefferson, State of Louisiana; and

G.  Mark C. Morgan, individually and in his official capacity as the City Attorney for the City of Gretna, domiciled in the Parish of Jefferson, State of Louisiana.

II.

Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. Section 1331, inasmuch as this matter arises under 42 U.S.C. Section 1983, and pursuant to 28 U.S.C. Section 1367, affording supplemental jurisdiction over Complainant's claims arising under Louisiana state law.

III.

Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. Section 1391 as this district is a judicial district in which a substantial part of the acts and/or omissions giving rise to the Complainant's claims occurred. In particular, defendants' illegal actions against Complainant began with an illegal arrest of Complainant, LC Williams on August 16, 2019, within the Parish of Jefferson, State of Louisiana.

IV.

At all relevant times, Complainant, LC Williams, was a resident of the age of majority of the Parish of Jefferson, State of Louisiana, and a fifteen (15) year employee of the City of Gretna, five (5) years away from a fully vested pension and a longtime foreman in the Public Works Department. He had served in this capacity under the defendant, Mayor Belinda Constant for six (6) years.

V.

On or about April 19, 2019, Mr. Williams was engaged in a conversation with Gretna Public Works employees Dina Matthews and Randy Chappel involving discussions regarding a directive by Gretna Mayor Belinda Constant to select three (3) Department of Public Works employees to work an upcoming weekend festival and whether three employees would be

2

sufficient manpower to staff an event. Both Mr. Chappel and Mr. Williams felt that three men were inadequate and Ms. Matthews said that the three-person request was a mandate from Mayor Constant and that if they disagreed, they should take it up with the Mayor.

VI.

The workplace discussion between Ms. Matthews and Mr. Williams became more boisterous and contentious. During the conversation, Ms. Matthews personally attacked and provoked Mr. Williams regarding his disagreement with the Mayor's request and she suggested that Mr. Williams call the Mayor and inform her of his disapproval. Mr. Williams insisted that he was not afraid of the mayor and that he would appoint additional workers as it would otherwise be impossible to adequately staff the event.

VII.

Unbeknownst to the direct participants of this conversation, some anonymous person secretly and illegally recorded a portion of the conversation.

VIII.

When tensions subsided and the conversation was concluded, it was unremarkable to all direct parties involved and the work went on as usual in their department. It was learned that the Department of Parks and Recreation would also be providing three workers to work the planned festival in addition to the three Department of Public Works employees. The event went forward without any incident. Furthermore, for several months after this conversation, Mr. Williams continued to perform his employment duties in a professional and courteous manner and was in Mayor Constant's presence on several occasions with no outward manifestation of negativity.

IX.

Nevertheless, Mr. Williams was arrested four months later, on August 16, 2019 for allegedly threatening a public official in violation of La. R.S. 14:122.2, on the basis of the illegally recorded April 19, 2019 conversation.

X.

At or about this time, he was also terminated by the City of Gretna despite its failure to follow its own employment policies and procedures in conducting an investigation of the alleged events prior to taking disciplinary actions against Mr. Williams.

XI.

Subsequent to Mr. Williams' arrest and termination, the City of Gretna performed an investigation of this incident and rejected Mr. Williams' request to be reinstated. On September 5, 2019, Mr. Williams and counsel had a meeting with Mayor Constant and the City Attorney where Mr. Williams apologized to the Mayor for any misconception caused by the secretly recorded conversation and begged for his job back based upon his loyal years of service and personal relationship with the Mayor.

XII.

Upon information and belief, while Mr. Williams was terminated and denied the opportunity to be reinstated, other employees, including but not limited to Dina Matthews and Randy Chappel, were given only minor disciplinary actions.

XIII.

By the conduct alleged herein, Mr. Williams asserts that he was wrongfully terminated in violation of the Louisiana Employment Discrimination Law, and more particularly, La. R.S.

23:332, in that he was given disparate treatment on account of his race when compared to the discipline given to his co-workers, including but not limited to Dina Matthews and Randy Chappel.

XIV.

The City of Gretna has additionally violated La. R.S. 23:301, *et seq.* by intentionally discriminating against Mr. Williams with regard to the terms and conditions and privileges of his employment. The City of Gretna retaliated against Mr. Williams and terminated his employment.

XV.

On or about October 4, 2019, the Jefferson Parish District Attorney's Office filed its Notice of Recusation and Motion to Appoint Substitute Counsel; at this time, Complainant had not been formally charged with any crime. On November 8, 2019, Jeff Landry, the Attorney General for the State of Louisiana, charged Mr. Williams without probable cause of the crime of threatening a public official. The misdemeanor offense was terminated in his favor, as it was later dismissed by Louisiana Assistant Attorney General Brooke Harris on June 22, 2020.

XVI.

Accordingly, Defendants are liable unto Complainant for malicious prosecution as a matter of Louisiana law.

XVII.

Upon information and belief, Complainant, LC Williams avers that the above-named Defendants engaged in a conspiracy to violate his civil rights through his illegal arrest and malicious prosecution.

XVIII.

At all relevant times, all defendants were employed by the City of Gretna through its divisions, the City of Gretna Mayor's Office, and/or The City of Gretna Police Department, and were persons acting under color of authority and in their individual as well as their official

capacities within the meaning and intention of 42 U.S.C. Section 1983. At all relevant times, Complainant enjoyed clearly established rights of due process, equal protection of the laws, and liberty pursuant to the Fourth and Fourteenth Amendments of the United States Constitution. The defendants clearly impaired, interfered with, and abridged Complainant's clearly established constitutional rights, all in violation of 42 U.S.C. Section 1983.

XIX.

At all relevant times, Defendants, the City of Gretna, Mayor Belinda Constant, violated internal and/or publicized policies and/or the professional ethics of their respective government offices. Said defendants demonstrated a deliberate indifference and/or wanton disregard for Complainant's civil rights given their official responsibilities and duties.

XX.

Complainant further avers that all Defendants defamed and slandered the Complainant by accusing him of crimes to punish Complainant for speaking against Mayor Constant, resulting in significant injury to Complainant's reputation and good standing in the community, and which action was patently unreasonable under the circumstances, and contrary to federal and Louisiana law.

XXI.

Throughout this ordeal, Complainant, LC Williams has suffered and continues to suffer extreme, outrageous, severe and intentional emotional distress caused by the above-named defendants' illegal use of power vested in them as public servants. Upon information and belief, said defendants desired to inflict and/or knew or should have known that severe emotional distress to the Complainant was certain to occur based on their unlawful conduct.

XXII.

Defendants conspired against Complainant to deprive him of the equal protection of the laws by disparately treating him in the workplace and attempting to chill and discourage his political speech. This conduct violates Complainant's civil rights under 42 U.S.C. Section 1985(3).

XXIII.

In furtherance of that conspiracy, Mayor Belinda Constant, Detective Jeffrey Laborie, Officer Tramell Brooks, Director Gwendolyn Turner and City Attorney Mark Morgan agreed to file and prosecute a false and baseless criminal complaint against Complainant, purely in retaliation for his disagreement with the Mayor's directive and as a pretext to terminate his employment.

XXIV.

The information and alleged evidence used as a basis for the false arrest and malicious prosecution was an illegally recorded private conversation by an anonymous person, use of which is statutorily prohibited by the Louisiana Electronic Surveillance Act, La. R.S. 15:1301, *et seq.*

XXV.

Despite knowing or should have known that the information and evidence contained on the illegal recording was inadmissible, incomplete, and lacking evidence of a "true threat" or criminal conduct, Defendants advanced the conspiracy against Complainant by summarily terminating him, failing to tell him that the recording was illegally obtained, speculating regarding his mental state and intent, and by creating reports after the fact that supported Complainant's illegal arrest and prosecution.

XXII.

Defendants conspired against Complainant to deprive him of the equal protection of the laws by disparately treating him in the workplace and attempting to chill and discourage his political speech. This conduct violates Complainant's civil rights under 42 U.S.C. Section 1985(3).

XXIII.

In furtherance of that conspiracy, Mayor Belinda Constant, Detective Jeffrey Laborie, Officer Tramell Brooks, Director Gwendolyn Turner and City Attorney Mark Morgan agreed to file and prosecute a false and baseless criminal complaint against Complainant, purely in retaliation for his disagreement with the Mayor's directive and as a pretext to terminate his employment.

XXIV.

The information and alleged evidence used as a basis for the false arrest and malicious prosecution was an illegally recorded private conversation by an anonymous person, use of which is statutorily prohibited by the Louisiana Electronic Surveillance Act, La. R.S. 15:1301, *et seq.*

XXV.

Despite knowing or should have known that the information and evidence contained on the illegal recording was inadmissible, incomplete, and lacking evidence of a "true threat" or criminal conduct, Defendants advanced the conspiracy against Complainant by summarily terminating him, failing to tell him that the recording was illegally obtained, speculating regarding his mental state and intent, and by creating reports after the fact that supported Complainant's illegal arrest and prosecution.

## XXVI.

Defendants' actions were motivated in significant part by racial animus against Complainant.

## XXVII.

These actions were taken under color of state law and embodied a policy, practice, custom or procedure of the City of Gretna.

## XXVIII.

As a proximate result of defendants' actions, Complainant was deprived of his rights under the federal constitution, as set forth above, and has suffered physical, mental, economic and emotional injury.

## XXIX

Complainant requests a trial by jury on all issues.

**WHEREFORE,** Complainant demands judgment in his favor and against defendants as follows:

A. A trial by jury;

B. For compensatory damages;

C. For punitive damages;

D. For attorney's fees pursuant to 42 U.S.C. Section 1988; and

E. For costs, fees and other appropriate relief under federal and state law.

Respectfully submitted,

Bradley Murchison Kelly & Shea LLC

Terrance A. Prout (27043)
1100 Poydras St., Suite 2700
New Orleans, LA 70163
Telephone: (504) 596-6300
Facsimile: (504) 596-6301
Email: tprout@bradleyfirm.com
**Attorney for LC Williams**

**PLEASE SERVE:**

Belinda C. Constant
Mayor, City of Gretna
740 2nd Street
Gretna, Louisiana 70053

The City of Gretna
Through Mayor Belinda C. Constant
740 2nd Street
Gretna, Louisiana 70053

City of Gretna Police Department
Through Authur Lawson, Chief of Police
200 5th Street
Gretna, Louisiana 70053

Detective Jeffrey Laborie
200 5th Street
Gretna, Louisiana 70053

Officer Tramell Brooks
200 5th Street
Gretna, Louisiana 70053

Gwendolyn Turner
Human Resources Director, City of Gretna
740 2nd Street
Gretna, Louisiana 70053

Mark C. Morgan
City Attorney, City of Gretna

9

740 2nd Street
Gretna, Louisiana 70053

**UNITED STATES OF AMERICA**

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

## VERIFICATION

Before me, Notary Public, personally came and appeared LC Williams, Complainant, who, after being duly sworn, did depose and state that to the best of my knowledge, information and belief that this complaint; (1) is not being presented for an improper purpose; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
LC WILLIAMS, COMPLAINANT

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 14 DAY
OF AUGUST, 2020.

_____
NOTARY PUBLIC
Printed Name: Terrance A. Prout
Notary\Bar Roll No.: 27043
My Commission expires: at death

14