UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LC WILLIAMS | CIVIL ACTION |
| VERSUS | NO. 20-2255 |
| BELINDA C. CONSTANT ET AL | SECTION "L" (4) |

### ORDER AND REASONS

Before the Court is Plaintiff LC Williams's "Motion for Relief and Additional Discovery Under Rule 56(d) Regarding Mark Morgan's Motion for Summary Judgment." R. Doc. 69. Defendant Mark Morgan opposes the motion. R. Doc. 72. The Court has considered the parties' memoranda and the applicable law and now rules as follows.

Plaintiff seeks additional time under Federal Rule of Civil Procedure 56(d) to conduct discovery in order to oppose Defendant Morgan's Motion for Summary Judgment. R. Doc. 69 at 1.[1] Plaintiff notes that, at this point, he is the only witness who has been deposed. Williams maintains that he cannot adequately defendant against Defendant Morgan's motion unless he first deposes the Defendants. R. Doc. 69-1 at 4.[2] Williams also argues that these depositions will disclose material facts pertaining to his statutory and constitutional claims. *Id.* In response, Morgan contends that Plaintiff should not be granted a continuance because he has failed to diligently

---

[1] Plaintiff states that his motion concerns only Morgan's Motion for Summary Judgment and does not apply to Morgan's Motion for Partial Summary Judgment. R. Doc. 69 at 1 (citing R. Docs. 64, 66). All references in this Order to "Morgan's motion" pertain to the Motion for Summary Judgment.

[2] After filing the instant motion, Williams filed an opposition to Morgan's Motion for Summary Judgment. R. Doc. 79. However, Williams's opposition specifically states that he does not waive his Rule 56(d) motion and thus the present motion is not moot.

pursue discovery and that further discovery would permit Plaintiff to engage in a "fishing expedition." R. Doc. 72.

Under Rule 56(d) of the Federal Rules of Civil Procedure, if a party opposing a motion for summary judgment shows, by way of affidavit or declaration, that for some specific reason it cannot present facts essential to justify its opposition, the Court may defer consideration of the summary judgment motion, deny it, allow time for the non-moving party to obtain affidavits or declarations or to take discovery, or issue any other appropriate order. The Rule is "designed to safeguard against a premature or improvident grant of summary judgment." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).

"[T]o justify a continuance, the [Rule 56(d)] motion must demonstrate (1) why the movant needs additional discovery, and (2) how the additional discovery will likely create a genuine issue of material fact." *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534–35 (5th Cir. 1999). In requesting a Rule 56(d) motion, a plaintiff "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Raby v. Livingston,* 600 F.3d 552, 561 (5th Cir. 2010) (internal quotation marks and citation omitted). Rather, the plaintiff "must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.* (internal quotation marks and citation omitted). A party is not entitled to a Rule 56(d) continuance if it has not diligently pursued discovery. *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 28 F.3d 1388, 1397 (5th Cir. 1994).

The Court finds that, in this instance, a continuance is justified to enable Plaintiff to depose Defendants. Plaintiff avers that this discovery will uncover, among other things, who shared the

2

recording at issue and with whom; further discovery will also reveal the recording's role in Plaintiff's termination, arrest, and prosecution. R. Doc. 69-1 at 4. These facts may well be material to multiple of Plaintiff's claims.  Further, the Court recently reset the pretrial and trial deadlines, so any further discovery should not interfere with those dates. R. Doc. 73. Accordingly, the Court grants Plaintiff's Motion for Additional Discovery, R. Doc. 69, and denies as premature Defendant Morgan's Motion for Summary Judgment, R. Doc. 64.

Williams makes clear that the instant motion applies only to Morgan's Motion for Summary Judgment, R. Doc. 64, and not to Morgan's Motion for Partial Summary Judgment, R. Doc. 66. That latter motion remains pending. The Court determines, however, that oral argument is no longer necessary with respect to this motion, which concerns Plaintiff's claims under the Louisiana Electronic Surveillance Act. Thus, the Court cancels the hearing on that motion, which was previously set for December 15, 2021. For the same reason, the Court denies the request by Defendants Trammell Brooks and Jeffrey Laborie to hold oral argument on their Motion for Partial Summary Judgment. R. Doc. 76. That motion, like Morgan's Motion for Partial Summary Judgment, concerns the application and interpretation of the Louisiana Electronic Surveillance Act to this case. R. Doc. 74. The Court does not believe oral argument is needed for either of the two pending Motions for Partial Summary Judgment.

Accordingly,

**IT IS ORDERED** that the Plaintiff's "Motion for Relief and Additional Discovery Under Rule 56(d) Regarding Mark Morgan's Motion for Summary Judgment," R. Doc. 69, is **GRANTED**. Defendant Mark Morgan's Motion for Summary Judgment, R. Doc. 64, is **DENIED** without prejudice to Morgan's right to reurge the motion after Plaintiff has had adequate time to conduct further discovery.

**IT IS FURTHER ORDERED** that oral argument on December 15, 2021 on Defendant Morgan's Motion for Partial Summary Judgment, R. Doc. 66, is **CANCELED** and that Defendants Brooks and Laborie's motion for oral argument on their Motion for Partial Summary Judgment, R. Doc. 76, is **DENIED.**

New Orleans, Louisiana, on this 10th day of December, 2021.

                                            Eldon E. Fallon
                                          United States District Judge